UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN TOSTE and GERALD TOSTE,<br><br>Plaintiffs,<br><br>v.<br><br>EL DORADO COUNTY, JAMES WASSNER, RICHARD BRINER, GREG FUZ, TOM DOUGHERTY, JAMES R. "JACK" SWEENEY, HELEN BAUMANN, and DOES 1 to 20,<br><br>Defendants. | No.  2:14-cv-00814-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

On April 1, 2014, Plaintiffs Robin Toste and Gerald Toste (collectively, "Plaintiffs") filed the instant action against various defendants, including El Dorado County (collectively, "Defendants"), for alleged violations of Plaintiffs' due process and equal protection rights, and also for violations of the Freedom of Information Act ("FOIA"). See ECF No. 1.  Presently before the Court is Defendant El Dorado County's Motion to Dismiss (the "Motion") (ECF No. 4) Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1)[1] on the grounds that this Court lacks subject matter jurisdiction.  In

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

the alternative, El Dorado County moves for dismissal of Plaintiffs' claims for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  See id.  For the following reasons, Defendant's Motion will be granted on jurisdictional grounds. [2]

## BACKGROUND

This lawsuit revolves around a one-acre lot of real property located in El Dorado County ("the Parcel") owned by Plaintiff Robin Toste, and an easement on the Parcel, the rights to which belong to adjacent property owners (collectively, "the Smedbergs"). Compl., ECF No. 1 at 3.  On or about May 2006, Defendants approved a grading permit for the Smedberg easement.  Id. at 9.  Plaintiffs allege Defendants concealed the grading permit in an attempt to retaliate against Plaintiffs for resisting construction of a driveway through Plaintiffs' property by virtue of that easement.  Id. at 4-5

This case is the most recent installment in a series of lawsuits, beginning in 2006, filed by attorney Charles Kinney ("Kinney") on behalf of Plaintiffs, involving the Smedberg easement.  First, in 2008, the Court of Appeal for the Third District of California affirmed a judgment against Plaintiffs and an award of compensatory and punitive damages against Plaintiff Gerald Toste for willfully interfering with the easement. Request for Judicial Notice ("RJN"), ECF No. 4-5.[3]  Next, in September 2009, the Third District again affirmed a judgment against Plaintiffs and sanctioned Plaintiffs and Kinney for filing a frivolous appeal.  RJN, ECF No. 4-6.  Then, in October 2009, the Third District affirmed the dismissal of El Dorado Superior Court as a party in Plaintiffs' action for inverse condemnation.  RJN, ECF No. 4-10, at n.1.  In  2012, the Third District affirmed

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[3] Defendant El Dorado County requested that the Court take judicial notice of various court orders and decisions from previous lawsuits involving Plaintiffs and the Parcel.  ECF No. 4-2.  "Under Federal Rule of Evidence 201(b), a court may take judicial notice of matters of public record."  Reynolds v. Hedgpeth, 472 F. App'x 595, 598 (9th Cir. 2010) (internal quotations omitted).  Because these documents are of public record, and the request is unopposed, the Court finds that judicial notice is appropriate.

1  an order denying Plaintiff Gerald Toste's claim of exemption to wage garnishment.  RJN,
2  ECF No. 4-9.  Later in 2012, the Third District affirmed summary judgment in favor of
3  First American Title Insurance Company ("First American") in a suit filed by Plaintiffs
4  against First American for overlooking one of the easements encumbering the Tostes'
5  property.  RJN, ECF No. 4-10, at n.1.  Finally, in a sixth appeal, the Third District
6  affirmed an order sustaining a demurrer to Plaintiffs' complaint without leave to amend in
7  favor of El Dorado County.  RJN, ECF No. 4-10.

8        In addition to the copious litigation this dispute between neighbors has
9  engendered, Plaintiffs' attorney  Kinney has been declared a vexatious litigant twice:
10 first in Los Angeles Superior Court in 2008 and then in the Court of Appeal for the
11 Second District of California in 2011.  RJN, ECF No. 4-12.  Further, Kinney was
12 disciplined by the State Bar Court on June 19, 2013, when that court found, by clear and
13 convincing evidence, that Kinney was culpable of misconduct in connection with this
14 matter.  Id.  The State Bar Court found that Kinney's case demonstrated "an outrageous
15 waste of judicial resources," and that "Kinney is a 'relentless bully' and his relentless
16 tactics on an easement dispute that has no merit is tantamount to committing acts of
17 moral turpitude through gross negligence."  Id. at 23.  Specific to the Parcel  involved in
18 this case, the State Bar Court concluded "there is clear and convincing evidence that
19 Kinney brought and maintained meritless lawsuits and actions regarding the [Tostes']
20 property," and that "despite repeated lawsuits, recycled arguments, six appeals, and
21 even a 60-day jail sentence for Gerald [Toste] . . . Kinney continued to wage his frivolous
22 litigation against the Smedbergs."  Id.  As a result of the State Bar Court proceedings,
23 Kinney was suspended from the practice of law in California for three years, but the
24 execution of that period of suspension was stayed pending his successful completion of
25 a four-year probationary term.  Id. at 34.

26       Plaintiffs, through their attorney Charles Kinney, now bring this action against the
27 Defendants, which will be the seventh installment in the series of litigation involving the
28 same disputed Smedberg easement.  The Tostes are now alleging two causes of action

3

against the Defendants for violations of 42 U.S.C. §§ 1983 and 1985.  Compl., ECF No. 1.

## STANDARD

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of establishing the contrary rests upon the party asserting jurisdiction.  Id.  Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630 (2002).  Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).  Lack of subject matter jurisdiction may also be raised by the district court sua sponte.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party."  Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings.  Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the motion to

dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. In the case of a factual attack, conversely, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039. Accordingly, no presumptive truthfulness attaches to plaintiff's allegations." Thornhill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors

merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Defendant El Dorado County moves to dismiss Plaintiffs' claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  More specifically, Defendant argues that the so-called Rooker-Feldman doctrine ("Rooker-Feldman")  prevents this Court from exercising jurisdiction over Plaintiffs' claims because this suit would constitute a "de facto appeal from" multiple state court judgments.  ECF No. 4-1 at 7 (citing Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004)).  The Court agrees that it lacks jurisdiction and therefore Defendant's Motion to Dismiss will be granted.

Rooker-Feldman established the principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).  The doctrine bars federal courts from exercising subject matter jurisdiction over a proceeding in which a party losing in state court seeks what effectively would be appellate review of the state court judgment in a federal district court.  Doe v. Mann, 415 F.3d 1038, 1039 (9th Cir. 2005).  The Supreme Court has held that "the Rooker–Feldman doctrine is confined to cases brought by state-court losers complaining of state-court judgments rendered

before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Rooker-Feldman "applies even when the challenge to the state court decision involves constitutional issues." Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir.1986). Moreover, Rooker-Feldman bars not only de facto appeals, but also appeals in which the constitutional issues in question are "inextricably intertwined" with those prior state court decisions. See Noel v. Hall, 341 F.3d 1148, 1157–58 (9th Cir. 2003) (discussing "inextricably intertwined").

Rooker-Feldman bars review in this case. It is clear that the violations alleged in Plaintiffs' Complaint are the same issues resolved in the numerous state court cases involving the Smedberg easement dispute. For example, Plaintiffs' Complaint alleges violations of the Subdivision Map Act, nonconformity with the General Plan, improper grading in violation of state and federal law, and an ownership dispute over the Smedberg easement, among other things. See ECF No. 1. Examination of the various state court documents reveals that all of these alleged violations were addressed and final decisions were issued against Plaintiffs. See ECF No. 4-5, 4-10. In this case, Plaintiffs also request declaratory and injunctive relief. ECF No. 1 at 14-15. However, an examination of the records reveals that the same relief was requested and denied Plaintiffs in their prior state court actions. See ECF No. 4-15, 4-10. When determining whether Rooker-Feldman applies, the Court must pay "close attention to the relief sought by the federal court plaintiff." Dexter v. Tran, 654 F. Supp. 2d 1253, 1259 (D. Wash. 2009) (citing Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003)). It is clear that this federal suit would constitute an improper appeal from state court decisions.

In their Opposition to Defendant's Motion, Plaintiffs argue that Rooker-Feldman does not apply because "retaliation and extrinsic fraud are separate claims that have never been previously litigated in any court." ECF No. 5 at 9. Specifically, Plaintiffs argue that Defendants' alleged concealment of the 2006 grading permit amounted to

both retaliation and "extrinsic fraud" such that Plaintiffs were deprived of fair trials in state court. ECF No. 5 at 4. However, after reviewing the various state court decisions, the Court does not believe any concealment of the 2006 grading permit would have affected those state courts' abilities to fairly decide the issues. Extrinsic fraud that would provide an exception to Rooker-Feldman, for example, is "conduct which prevents a party from representing his claim in court." Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981). The Court's perusal of the state court documents already generated show that any alleged concealment of the 2006 permit did not affect the Plaintiffs' ability to represent their claims regarding the rights to the Smedberg easement, conformity with the General Plan, whether a taking occurred, and other matters pertaining to the 2006 grading permit. See ECF Nos. 4-3 – 4-11. Thus, there is no "extrinsic fraud" alleged that would justify an exception to Rooker-Feldman. Nor have Plaintiffs shown that any retaliation on the part of Defendants affected the underlying state decisions. Accordingly, the Complaint is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

As set forth above, Defendant El Dorado County's Motion to Dismiss (ECF No. 4) is GRANTED under Rule 12(b)(1). Having determined this Court is without subject matter jurisdiction, consideration of the concurrently pending request for dismissal under Rule 12(b)(6) would be improper. No leave to amend will be permitted under the circumstances since the Court does not believe that the jurisdictional defects of the Complaint can be remedied through amendment. The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: September 12, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT