UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN TOSTE and GERALD TOSTE, | No. 2:14-cv-00814-MCE-EFB |
| Plaintiffs, | |
| v. | **ORDER** |
| EL DORADO COUNTY, et al., | |
| Defendants. | |

On September 12, 2014, this Court issued its Memorandum and Order (ECF No. 13), granting Defendants' Motion to Dismiss (ECF No. 4) without leave to amend. Now before the Court is Plaintiffs' request for reconsideration of that order.

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S. Ct. 2166 (1988). Reconsideration may be appropriate in one of three situations: (1) newly discovered evidence is presented; (2) the court has committed clear error or issued an initial decision that was manifestly unjust; or (3) intervening change in controlling law is presented. See Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003); School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations and quotations omitted). Local Rule 230(j) similarly requires a party seeking reconsideration to

demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Ayala v. KC Envtl. Health, 426 F. Supp. 2d 1070, 1098 (E.D. Cal. 2006) (internal citations omitted). Mere dissatisfaction with the court's order or belief that the court is wrong in its decision is accordingly not sufficient. Reconsideration requests are addressed to the sound discretion of the district court. Turner, supra, 338 F. 3d at 1063.

As discussed in this Court's prior order, the Rooker-Feldman doctrine precludes a federal district court from exercising jurisdiction over a case that essentially appeals a state court judgment. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983). In their Opposition to Defendant's Motion, Plaintiffs argued that Rooker-Feldman should not apply because "retaliation and extrinsic fraud are separate claims that have never been previously litigated in any court." ECF No. 5 at 9. However, this Court determined that the Rooker-Feldman doctrine did apply, and that, as a result, the Court did not have subject matter jurisdiction over the case. ECF No. 8 at 8. In making its determination, the Court considered the Plaintiffs' allegedly new claims for fraud and retaliation, and whether concealment of a 2006 grading permit would have affected the state courts' ability to fairly decide the issues of the case. Wood v. McEwan, 644 F.2d 797, 801 (9th Cir. 1981) (finding that a claim for extrinsic fraud does not fall under the Rooker-Feldman doctrine where there is "conduct which prevents a party from representing his claim in court"). The Court reviewed the relevant state court documents and ultimately determined that "any alleged concealment of the 2006 grading permit did not affect the Plaintiff's ability to represent their claims regarding the rights to the Smedberg easement,
///

conformity with the General Plan, whether a taking occurred, and other matters pertaining to the 2006 grading permit." ECF No. 12 at 8.

Plaintiffs have not come forward with any new evidence to support their claim and there has not been a change in the controlling law. Plaintiffs' only assertion is that the Court made two errors about the law in its original order. ECF No. 14 at 5. First, they contend that it was an error for the Court to consider whether any concealment of a 2006 grading permit would have affected the state courts' ability to adjudicate their original claims. Second, they argue that the Court erred in reviewing and accepting the veracity of the state court documents in determining whether there was an exception to the Rooker-Feldman doctrine for the extrinsic fraud and retaliation claims. ECF. No. 14 at 15.

As to the first claim, the Court reviewed the implications of concealing the 2006 grading permit to determine if the extrinsic fraud claim fell under the Rooker-Feldman doctrine. In making the determination, a consideration of the 2006 grading report's potential effect on the state court proceedings was warranted. See Wood v. McEwan, 644 F.2d 797, 801 (9th Cir. 1981) (reviewing and taking into consideration the state court proceedings in order to determine whether there was an issue of extrinsic fraud). For the second claim, the Court was within its authority to review the state court records since a district court may review any evidence necessary to determine whether subject matter jurisdiction exists and is "not restricted to the face of pleadings." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). Again, the review of the state court documents was appropriate in determining whether or not an extrinsic fraud issue existed. See Wood, 644 F.2d at 801. Therefore, there was no clear error or manifest injustice in the Court granting the Motion to Dismiss.

///

///

///

///

For all the foregoing reasons, Plaintiffs' Motion for Reconsideration (ECF No. 14) is DENIED. Defendants request for sanctions against Plaintiffs for bringing this Motion is, however, also DENIED.

IT IS SO ORDERED.

Dated: January 27, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT